HANSELMAN *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. EASEMENTS—RAILROADS—RIGHT OF WAY—USE IN COMMON.
    An injunction will not be granted to complainant, the owner
    of a parcel along which a private right of way runs giving
    access to complainant's factory, to restrain a railroad com-
    pany, having rights in common in the way with him, from
    constructing a siding for occasional use, upon a portion of
    the way, so long as no use is made thereof which unreason-
    ably interferes with complainant's rights.

2. SAME—RAILROAD SIDING—DEEDS—USER.
    Under a deed by complainant to the railroad company convey-
    ing a right to use the way "to the fullest extent which the
    parties of the first part have the right to make use of the
    same, but without in any manner, or to any extent, dimin-
    ishing the right of the first parties, etc., to make use of said
    right of way in common" with the grantee, the railroad com-
    pany obtained a right to the use of the way for any of the
    purposes for which such a right of way might usually be
    used by a railroad company, subject to complainant's joint
    rights.

3. SAME—JOINT USER.
    What constitutes a reasonable use of the easement is a ques-
    tion of fact, and is a limitation upon defendant's right of
    user enforceable in complainant's behalf.

4. SAME.
    Since the location of the side track upon a particular portion
    of the easement would not of itself interfere with complain-
    ant's use of the way, he cannot compel defendant to locate
    the siding where he chooses to have it, although he may pre-
    vent unreasonable use of the track.

5. SAME—GRANT OF JOINT RIGHT TO EASEMENT—DAMAGES.
    By selling to defendant company the right to use the way,
    complainant waived any claim to statutory damages for the
    taking and use of the easement for railroad purposes.

6. RAILROADS—FRANCHISE—EASEMENT.
    Where the use of a right of way was derived by a railroad
    company by deed, conferring the joint right to use an ease-
    ment on a portion of complainant's premises, its right de-

pended on the conveyance, not on its franchise from the municipality to use streets and other ways, and the validity of the franchise and ordinance is not subject to complainant's objection.

Appeal from Kalamazoo; Knappen, J. Submitted October 17, 1910. (Docket No. 72.) Decided December 7, 1910.

Bill by George Hanselman against the Grand Trunk Western Railway Company, to restrain the construction of a siding. From a decree awarding a part of the relief prayed both parties appeal. Reversed and bill dismissed.

*E. M. Irish,* for complainant.

*H. Geer,* for defendant.

BLAIR, J. Complainant asks a permanent injunction against the defendant which will prohibit it from laying and operating a steam railway side track over the east one rod of lot No. 125 in Kalamazoo. Complainant is the owner of the westerly four rods of lot No. 125, which lies on the south side of East Main street. Lot No. 125 is five rods in width, and when the complainant purchased the west four rods of the same he was also, as a part of his purchase, deeded a right of way over the east one rod; the right of way clause being as follows:

"Also the right of way one rod in width on the easterly line of said lot 125, leading from said lot 302 northerly to Main street."

Lot 302 is owned by complainant and lies south of lot No. 125. The defendant now owns the fee in said east one rod; the complainant acquiring the right of way, and the defendant the fee, in this one rod through a common source of title. Before any controversy arose between the parties to this case, the complainant deeded some land

immediately south of this one-rod strip to George W. Alexander, as trustee, as follows:

"Also granting hereby the right to make use of the right of way owned by the parties of the first part over and across the easterly one (1) rod of lot one hundred and twenty-five (125) of said plat, to the fullest extent which the parties of the first part have the right to make use of the same, but without in any manner or to any extent diminishing the right of the first parties, their heirs or assigns, to continue to make use of said right of way in common with the said party of the second part, his successors or assigns."

Complainant knew that Alexander was buying the land for railroad purposes, but was told by Mr. Hays, who conducted the bargain for Alexander, that the land east of this right of way would be used for a passenger station, and complainant knew nothing of any intention to lay tracks on the right of way. Defendant laid its main north and south line of railroad east of this right of way and now claims the right to lay a spur or side track, across the northeasterly end of this one rod of right of way for the purpose of getting to its freighthouse on the north side of Main street. The west four rods of lot No. 125, which is owned by the complainant, are completely covered by his factory, a three-story, brick building used for the manufacture of candy. He owns land to the south of this lot, which is also occupied by his plant, and his only way of getting in and out with his teams and the teams of his customers, and of getting to his stables in the rear, is over this right of way. It had been used as a passageway for teams daily for more than 20 years before the deed was made to Alexander. The side track which defendant proposes to lay would have its inside, or west, rail within six feet of the west line of the right of way; that is to say, within six feet of the east wall of complainant's factory— this, at the north end of the right of way, where complainant's teams enter from Main street. The average freight car would project two feet over the rail, bringing it within four feet of the brick wall, thus making it im-

possible to get a team in and out when cars were on the track or approaching. The court below granted a decree that the defendant might lay its track on that part of the right of way which lies 12 feet east of complainant's east line, but not elsewhere. From this decree both parties appeal.

It is claimed on behalf of complainant that the defendant has no right to lay its tracks and operate its road in the streets of the city of Kalamazoo, for the reason that the franchise under which it claims is void for want of jurisdiction in the city council to pass it. It was not advertised as the charter provides. It is further claimed, in substance, that the clause in complainant's deed to Alexander constitutes a contract between the parties obligating defendant to make the same kind of use of the right of way that complainant was making of it and excluding the right to lay a track or operate cars over it. Complainant testified:

"*Q.* Will it be possible for you to carry on your business with this right of way blocked ?

"*A.* No, sir. If there were no cars on the track this railroad of itself would not interfere with my getting in and out, if there was no obstruction nor cars on the track, and just the track itself."

We cannot concur in complainant's construction of the right of way clause in his deed to defendant. In our view, the legal effect of that clause was to authorize the defendant to use the right of way for any of the purposes for which a right of way over such a strip of land might usually be used by a railway company, so long as such use did not unreasonably limit complainant's common use thereof. As to what would constitute a reasonable use by the defendant would be for the most part a question of fact, and such use could be enforced by the courts. Under complainant's testimony, it is apparent that the location of defendant's side track upon any particular portion of the one-rod strip would not of itself interfere with his use of it, and he therefore cannot compel its location where he chooses to

have it, but may protect himself against any unreasonable use of the track injuriously affecting his right of common use.

We do not consider the question of the validity of the ordinances or of the defendant's franchise to be of any importance, since defendant derived its authority to use the right of way from complainant and its right to cross Main street from its charter and required no franchise for that purpose.

We are also of the opinion that, when complainant sold the right of way to defendant, he waived his claims for statutory damages. 33 Cyc. p. 161, par. 3.

The decree is reversed, and the bill dismissed, with costs to defendant.

HOCKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.